UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

Plaintiff,

v.

JINKERSON, et al.,

Defendants.

No. 2:14-cv-0838-MCE-EFB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated she is eligible to proceed in forma pauperis. A prisoner may not proceed in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Williams v. Andrews*, 1:01-cv-6222 REC HGB P (E.D. Cal. Feb. 22, 2002) (order dismissing action for failure to state a claim); (2) *Williams v. Wood*, 1:01-cv-6151 REC LJO P

(E.D. Cal. Feb. 28, 2002) (order dismissing action with prejudice for failure to state a claim); and (3) *Williams v. Rendon*, 1:01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) (order dismissing action for failure to state a claim). *See also Williams v. Gonzales*, 1:03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)).

According to the complaint filed in this action, plaintiff is in imminent danger because the defendants are attempting to murder her "with poisons, biological agents, toxins, bacterias, saliva, and medications." ECF No. 1, § V and p.8. However, § 1915(g)'s exception does not apply because plaintiff's allegations of imminent danger are not plausible. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing.). Indeed, the court has informed plaintiff on numerous occasions that her allegations about being poisoned are not plausible. *See Williams v. Bauer*, No. 2:12-cv-2158-MCE-EFB (E.D. Cal. Jan. 30, 2013) (finding plaintiff's allegations of being poisoned implausible and denying application to proceed in forma pauperis); *Williams v. Norton*, 2:12-cv-2889-CKD (E.D. Cal. Dec. 4, 2012) (same); *Williams v. CDCR*, 2:12-cv-1616-JAM-EFB (E.D. Cal. Aug 1. 2012) (finding implausible plaintiff's allegations of being poisoned, and recommending that plaintiff's in forma pauperis status be denied), *adopted* (E.D. Cal. Oct. 29, 2012); *Williams v. Willie*, CIV S-11-1532-MCE-DAD (E.D. Cal. Mar. 16, 2012) (finding implausible plaintiff's allegations of being poisoned, noting that she had been making such claims since 2006, and determining that the imminent danger exception of § 1915(g) did not apply), *adopted* (E.D. Cal. Apr. 23, 2012); *Williams v. Gomez*, 2:11-cv-0426-GEB-EFB (E.D. Cal. Dec. 21, 2011) (finding implausible plaintiff's allegations of being poisoned and denied HIV medication, and recommending that plaintiff's in forma pauperis status be revoked), *adopted* (E.D. Cal. Feb. 6, 2012), *aff'd* (9th Cir. Aug. 5, 2013). Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).

Moreover, the "court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis." *Visser v. Supreme Court of California*, 919 F.2d 113, 114

(9th Cir. 1990) (citing *In re McDonald*, 489 U.S. 180 (1989)). Despite the numerous dismissals, listed above, plaintiff continues to initiate lawsuits in forma pauperis, such as this one, on the grounds that the imminent danger exception applies based on her allegations of being poisoned on a daily basis. *See, e.g.*, *Williams v. Bal*, 2:12-cv-1005-LKK-EFB (E.D. Cal) (April 17, 2012 complaint alleging imminent danger of injury or death because she was denied HIV medication and prison officials were poisoning her food); *Williams v. Wedell*, 2:12-cv-1438-GEB-GGH (E.D. Cal.) (May 29, 2012 complaint alleging denial of HIV medication and imminent danger because of poisoning); *Williams v. Nappi*, 2:12-cv-1604-GEB-CMK (E.D. Cal.) (June 14, 2012 complaint alleging imminent danger because of daily poisoning); *Williams v. CDCR*, 2:12-cv-1616-JAM-EFB (E.D. Cal.) (June 15, 2012 complaint alleging the same). Given these filings, the court finds that plaintiff's application for leave to proceed in forma pauperis should also be denied because plaintiff has "engaged in a pattern of litigation which is manifestly abusive." *Visser*, 919 F. 2d at 114.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 4) be denied; and

2. This action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE